UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YOLANDA FRAGA−JIMENEZ,<br><br>                Petitioner,<br><br>v.<br><br>ANDREW SAUL,<br><br>                Respondent. | Case No. 1:18-CV-00430-CWD<br><br>**ORDER AWARDING EAJA FEES** |

Before the Court is Petitioner's Motion for Attorney Fees and Costs, made pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkt. 21.) Petitioner requests an award of attorney fees in the amount of $8,128.75. Respondent has filed an objection to the motion, on the grounds that it was filed prematurely. (Dkt. 23.) For the reasons stated herein, the Court will grant the motion.

The Court entered judgment in this matter in favor of Petitioner on March 16, 2020, remanding the case to the Commissioner for a calculation and award of benefits under "sentence four" of 42 U.S.C. § 405(g). (Dkt. 20.) Petitioner filed her motion for attorney fees and costs on April 1, 2020. Respondent asserts the motion was filed prematurely, and should be denied, because the judgment will not be final until May 15, 2020, citing 28 U.S.C. § 2412(d)(1)(B). This statute states that a party seeking fees under

**ORDER AWARDING EAJA FEES- 1**

the EAJA "shall, within thirty days of final judgment in the action, submit to the court an application for fees." 28 U.S.C. § 2412(d)(1)(B). "'[F]inal judgment' means a judgment that is final and not appealable…." *Id*. § 2412(d)(2)(G). Respondent asserts that the appeal period expires 60 days after entry of judgment, citing Fed. R. App. Proc. 4(a)(1)(B), and Petitioner must therefore wait until expiration of the 60 day appeal period before she can file a motion for attorney fees under the EAJA. In other words, Respondent asserts that Petitioner cannot file a motion for attorney fees early. Respondent's position is incorrect.

The Court entered final judgment on March 16, 2020. *See Melkonyan v. Sullivan*, 501 U.S. 89, 94 (1991) (explaining that the requirement that the fee application be filed within 30 days of "final judgment in the action " plainly refers back to the "civil action... in any court."). When the revision to section 2412(d)(2)(G) was enacted in 1984, Congress explained that the term, "'final judgment' has been clarified to mean a judgment the time to appeal which has expired for all parties." *Melkonyan*, 501 U.S. at 96 (citing H.R.Rep. No. 99–120, p. 18 (1985)). Thus, the 30-day EAJA filing period begins to run after the time to appeal the "final judgment" has expired. *Melkonyan*, 501 U.S. at 96. *See also Shalala v. Schaefer*, 509 U.S. 292, 298, 113 S. Ct. 2625, 2629, 125 L. Ed. 2d 239 (1993) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable....").

This does not mean, however, that fee petitions cannot be filed early. Congress expressly stated that "fee petitions may be filed before a 'final judgment.'" H.R. REP.

**ORDER AWARDING EAJA FEES- 2**

99-120, 22, 1985 U.S.C.C.A.N. 132, 151. Congress explained also that "this section should not be used as a trap for the unwary resulting in the unwarranted denial of fees." H.R. REP. 99-120, 22, 1985 U.S.C.C.A.N. 132, 151. Put simply, there is no penalty if Petitioner files her fee petition early.[1] *Papazian v. Bowen*, 856 F.2d 1455, 1456 (9th Cir. 1988) ("Since the re-enactment we have allowed the EAJA filing period to be marked by an amended judgment, construed the statute to allow for the filing of fees thirty days after the expiration of the time for appeal, and allowed the filing of an application for fees before judgment was entered.") (internal citations omitted). *See also Cervantez v. Sullivan*, 739 F. Supp. 517, 519 (E.D. Cal. 1990) ("Congress endorsed Judge Posner's view that EAJA fee petitions could be filed and considered any time after final judgment is entered by the district court, but no later than 30 days following the entry of a final, non-appealable judgment from the appellate court.").

Although Respondent did not object to the reasonableness of the fees, the Court has an obligation to ensure the request otherwise meets the requirements for an award of fees under the EAJA. This statute provides that a court will award fees and other expenses to a prevailing party when such fees and other expenses were incurred by that party in any civil action brought against the United States, unless a court finds that "the position of the United States was substantially justified or that special circumstances

---

[1] *Sohappy v. Hodel*, 911 F.2d 1312, 1321 (9th Cir. 1990), cited by Respondent, does not hold to the contrary. There, the court denied the plaintiffs' request for attorney fees on appeal under the EAJA because there was no final judgment in the action. *Id.* at 1321. In that case, however, the United States Court of Appeals for the Ninth Circuit reversed the district court's grant of summary judgment, and remanded for further proceedings. Here, in contrast, the Court entered final judgment.

**ORDER AWARDING EAJA FEES- 3**

make an award unjust." 28 U.S.C. §§ 2412(d)(1)(A) and (b). Fees and other expenses include "reasonable attorney fees." *Id*. Petitioner's counsel submitted billing records totaling 46.45 hours of time spent in this matter at an hourly rate of $175. (Dkt. 21-3.) Having reviewed the motion, supporting materials, and the entire record herein, the Court finds Petitioner is the prevailing party in this matter and that the amount of attorney time requested, and the hourly rate, are reasonable.

  Based upon the EAJA, the motion will be granted, and Petitioner will be awarded $8,128.75 in attorney fees. 28 U.S.C. § 2412(d). Any assignment to Petitioner's counsel of said fees will be subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 130 U.S. 2521 (2010), if applicable.

**ORDER AWARDING EAJA FEES- 4**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Motion for Attorney Fees (Dkt. 21) is **GRANTED** as follows:

1) Petitioner is awarded EAJA attorney fees in the amount of $8,128.75 pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2) Respondent shall issue a check for EAJA fees made payable to Petitioner's attorney, Taylor Lynn Mossman-Fletcher, and mailed to: 611 West Hays Street, Boise, Idaho 83702. Any assignment to Petitioner's counsel of said fees will be subject to offset under the Treasury Offset Program. If Petitioner has no debt which qualifies for offset under the Treasury Offset Program, the entire award is to be made payable directly to Ms. Fletcher-Mossman and mailed to the address above.

DATED: April 29, 2020

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER AWARDING EAJA FEES- 5**